UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT DAVIS** | **CIVIL ACTION NO. 3:13-cv-2419** |
|     LA. DOC #323638 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CHAD LEE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Davis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 1, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Caldwell Parish Detention Center, Greyson, Louisiana; however, when he filed this complaint he was incarcerated at the Franklin Parish Detention Center (FPDC) in Winnsboro, Louisiana. He sued FPDC's Warden Chad Lee, Assistant Wardens Emfinger, and Griffen, and Classification Officer Marzell claiming that these defendants have failed to provide "programs... for Muslims" and thus interfered with his right to practice Islam.  He prayed for injunctive relief – a transfer to either the Elayn Hunt Correctional Center or the Dixon Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff is a Muslim. He claimed that he was denied his "religious rights" while he was

incarcerated at FPDC because that facility has "no programs ... for Muslims of no kind..." According to plaintiff, as a Muslim he has duties and obligations under Islamic law "... but there is nothing here for the Islamic faith..." Plaintiff claimed that he is denied religious freedom and is thus subjected to cruel and unusual punishment as well as oppression of his religious freedoms. He concluded by alleging that "the institution and staff don't recognize Islam as a faith..."

As noted above, plaintiff prayed only for prospective injunctive relief – "To be placed in Dept. Of Corrections where I can get in Islamic programs, and where I'm able to perform my religious duties and obligations according to the Islamic faith, Elayn Hunts Correctional Facility, or Dixon Correctional Facility."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Transfer*

Plaintiff sued Warden Chad Lee, his assistant wardens and the prison classification officer. His prayer for relief seeks only a transfer to the Elayn Hunts Correctional Facility, or the Dixon Correctional Facility.

Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.

*Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

*3. Mootness*

Plaintiff prayed only for prospective injunctive relief – a transfer to another facility. While his suit was pending initial review, he was in fact transferred to the Caldwell Parish Detention Center. With regard to his desire to obtain a transfer to Hunt or Dixon or any other prison in Louisiana, the named defendants no longer exercise authority over him.

Further, he complained only of circumstances experienced at FPDC. His transfer away from the allegedly offending institution renders his claims for prospective  injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001) (holding that transfer from unit rendered a prisoner's

claims for declaratory and injunctive relief moot).

Since plaintiff is no longer incarcerated, at FPDC and since he is no longer under the authority of the defendants, his claim for injunctive relief is moot and subject to dismissal for failing to state a claim for which relief may be granted.

*Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana September 8, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE